IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SERGIO EFREN PONCE FLORES,

Petitioner,

vs.

GENE SAMUELSON, Phelps County Sherriff, et al.,

Respondents.

8:26-CV-568

MEMORANDUM AND ORDER CONDITIONALLY GRANTING WRIT OF HABEAS CORPUS

The petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement in the Phelps County Jail in Holdrege, Nebraska. Filing 1. He seeks a writ of habeas corpus under 28 U.S.C. § 2241, asserting that his detention is unlawful. Filing 1. The Court agrees, and will conditionally grant the petition.

The petitioner is a native of Mexico who last entered the United States at an unknown time and place. Filing 8 at 3-4. In 2019, he was taken into ICE custody after a traffic stop and placed in removal proceedings. Filing 8 at 4; filing 8-1; filing 8-2. He was granted bond by an immigration judge and released on $7,500 bond. Filing 8 at 5; filing 8-3; filing 8-4. In 2024, an immigration judge dismissed the removal proceeding based on prosecutorial discretion. Filing 8 at 5; filing 8-5.

On July 25, 2026, the petitioner was arrested by the Hastings Police Department for allegedly driving under revocation. Filing 8 at 5. He was released on bond by state authorities and taken into ICE custody on a detainer. Filing 8 at 5. He was served with an administrative warrant and placed in removal proceedings. Filing 8 at 5; filing 8-6; filing 8-7.

Because the petitioner was on conditional parole pursuant to 8 U.S.C. § 1226(a)(2)(B) when he was detained, and there is nothing in the record

suggesting that any qualifying officer exercised discretion to revoke the petitioner's release, *see* 8 C.F.R. §§ 236.1(c)(9), 1236.1(c)(9), the Court will conditionally grant the petition for the reasons articulated by the undersigned in *Dos Santos Silva v. Warden, Lincoln County Detention Center*, No. 8:26-cv-131, 2026 WL 926725 (D. Neb. Apr. 6, 2026).

IT IS ORDERED:

1. The Petition for Writ of Habeas Corpus (filing 1) is conditionally granted.

2. The government shall provide the petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) and the corresponding regulations **on or before October 6, 2026**.

3. If the government does not provide the petitioner with a bond hearing as required, the petitioner must be immediately released from detention.

4. **On or before October 9, 2026**, the government shall provide the Court with a status update regarding the bond hearing or, if no bond hearing was held, advise the Court regarding the petitioner's release.

Dated this 29th day of September, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge